FILED 11 JUN 30 10:53USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACK D. WHITEAKER,                              Civil No. 11-412-PA

　　　　　　Petitioner,                　　ORDER TO DISMISS

　　　v.

CAPTAIN BISHOP, et al.,

　　　　　　Respondent.

Panner, District Judge.

　　　Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#13) is summarily dismissed, without prejudice.  *See* Rule 4, Rules Governing Section 2254 Cases.

## BACKGROUND

　　　On June 14, 2011, petitioner filed this federal habeas corpus case in which he alleges that his right to a speedy trial in Oregon's state courts has been violated.  He also challenges his

1 - ORDER TO DISMISS

access to the courts, and asks the court to dismiss the pending Assault in the Second Degree charges against him.

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also* 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## DISCUSSION

Where a state prisoner seeks pre-conviction habeas corpus relief, he must exhaust his avenues for raising his federal claims in the state courts. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). A petitioner exhausts his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

2 - ORDER TO DISMISS

A petitioner must have also presented his claim in a procedural context in which the state courts considered its merits. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In this case, petitioner claims that he filed a state habeas corpus action on April 22, 2011 raising his claim pertaining to his right to a speedy trial. The state habeas court denied relief on the petition on May 4, 2011, and petitioner appealed this decision on May 18, 2011. According to the Amended Petition filed in this federal action, petitioner's state appeal has not yet been ruled upon. The exhaustion requirement must be assessed at the time of filing. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). Because petitioner clearly had not fairly presented his claims to Oregon's Supreme Court by the time he filed this case, his Petition subject to summary dismissal.

In addition, a state habeas corpus petition is only a proper remedy in Oregon where there is no alternative remedy to meet the immediate need of the applicant. *Barrett v. Belleque*, 344 Or. 91, 176 P.3d 1272, 1278 (2008). In this case, the Multnomah County Circuit Court denied habeas relief because "the petitioner has an

3 - ORDER TO DISMISS

adequate alternative remedy available to him in the underlying case at the trial level or on appeal." Amended Petition (#13), p. 7, Att. 1. Because the Oregon state courts have, as a matter of state law, determined that habeas corpus is not a proper remedy in petitioner's situation, petitioner has not presented his claims to the state courts in a procedural context in which the merits have been considered.

For all of these reasons, it is clear that petitioner has not fairly presented his claims to Oregon's state courts. As such, his claims remain unexhausted. As a result, the court summarily dismisses the Amended Petition.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#13) is summarily DISMISSED, without prejudice petitioner's right to refile it once he has exhausted his state court remedies. Petitioner's pending Motion for Summary Judgment (#7) and Request for Review of Violations (#18) are DENIED as moot.

IT IS SO ORDERED.

DATED this _____ day of June, 2011.

_____
Owen M. Panner
United States District Judge

4 - ORDER TO DISMISS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACK D. WHITEAKER,                                    Civil No. 11-412-PA

           Petitioner,                    ORDER TO DISMISS

    v.

CAPTAIN BISHOP, et al.,

           Respondent.

Panner, District Judge.

    Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#13) is summarily dismissed, without prejudice.  *See* Rule 4, Rules Governing Section 2254 Cases.

### BACKGROUND

    On June 14, 2011, petitioner filed this federal habeas corpus case in which he alleges that his right to a speedy trial in Oregon's state courts has been violated.  He also challenges his

1 - ORDER TO DISMISS

access to the courts, and asks the court to dismiss the pending Assault in the Second Degree charges against him.

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also* 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## DISCUSSION

Where a state prisoner seeks pre-conviction habeas corpus relief, he must exhaust his avenues for raising his federal claims in the state courts. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). A petitioner exhausts his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

2 - ORDER TO DISMISS

A petitioner must have also presented his claim in a procedural context in which the state courts considered its merits. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In this case, petitioner claims that he filed a state habeas corpus action on April 22, 2011 raising his claim pertaining to his right to a speedy trial. The state habeas court denied relief on the petition on May 4, 2011, and petitioner appealed this decision on May 18, 2011. According to the Amended Petition filed in this federal action, petitioner's state appeal has not yet been ruled upon. The exhaustion requirement must be assessed at the time of filing. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). Because petitioner clearly had not fairly presented his claims to Oregon's Supreme Court by the time he filed this case, his Petition subject to summary dismissal.

In addition, a state habeas corpus petition is only a proper remedy in Oregon where there is no alternative remedy to meet the immediate need of the applicant. *Barrett v. Belleque*, 344 Or. 91, 176 P.3d 1272, 1278 (2008). In this case, the Multnomah County Circuit Court denied habeas relief because "the petitioner has an

3 - ORDER TO DISMISS

adequate alternative remedy available to him in the underlying case at the trial level or on appeal." Amended Petition (#13), p. 7, Att. 1. Because the Oregon state courts have, as a matter of state law, determined that habeas corpus is not a proper remedy in petitioner's situation, petitioner has not presented his claims to the state courts in a procedural context in which the merits have been considered.

For all of these reasons, it is clear that petitioner has not fairly presented his claims to Oregon's state courts. As such, his claims remain unexhausted. As a result, the court summarily dismisses the Amended Petition.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#13) is summarily DISMISSED, without prejudice petitioner's right to refile it once he has exhausted his state court remedies. Petitioner's pending Motion for Summary Judgment (#7) and Request for Review of Violations (#18) are DENIED as moot.

IT IS SO ORDERED.

DATED this ___30___ day of June, 2011.

_____
Owen M. Panner
United States District Judge

4 - ORDER TO DISMISS